JOHN FIELMANN and another, Plaintiffs, v. WILLIAM BRUNNER and another, Defendants.

*English bankruptcy act — composition deed executed in pursuance of — Attachment — lien of.*

This action is brought to recover the amount of a draft, and for goods sold and delivered. The defendants being non-residents, an attachment was issued, and a levy made. Subsequently they appeared, and, upon giving an undertaking obtained a discharge of the attachment. The answer set up as a defense, a deed of composition, executed under the provisions of the English bankruptcy act. This deed, which was executed after the commencement of this action and the levy under the attachment, provided that nothing therein contained, should discharge any lien or other security held by any of the creditors. All of the parties at the times mentioned were residents of England. *Held,*

* Cases, *supra*.      † Bush v. Prosser, 11 N. Y., 347; Bisbey v. Shaw, 12 id., 67.

that, by the levy under the attachment, the plaintiffs acquired a specific lien upon the property attached, and that they were entitled to enter judgment in this action, to enable them to proceed against the sureties on the undertaking.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term.

The facts are stated in the opinion.

*A. J. Vanderpoel*, for the appellants. The levy under the attachment did not give a lien within the meaning of the deed. (*Matter of Bellows*, 3 Story, 428; *Ex parte Foster*, 2 id., 131.)

*Andrew Boardman*, for the respondent. The plaintiff acquired a lien by the levy. (*Ex parte D'Obree*, 8 Ves., 82; *Ames* v. *Wentworth*, 5 Met., 294; *Ives* v. *Sturges*, 12 id., 462; *Watkins* v. *Pinkney*, 3 Edw. Ch., 533; *Smith* v. —— , 4 id., 653; *Macy* v. *Jordan*, 2 Den., 570; *Rhoads* v. *Woods*, 41 Barb., 471; *In re Allen*, 5 Law Reporter, 362; *Holyoke* v. *Adams*, 2 N. Y. S. C. R., 1; *Rinchey* v. *Stryker*, 26 How., 75.)

BRADY, J. :

This action was commenced on the 8th August, 1867, to recover the amount of a draft, accepted by the defendants, for £750 sterling, and for goods sold and delivered, amounting in price to £116 9s. sterling. The defendants being non-residents, it was commenced by attachment, which was issued on the day named ; and on that day, the eighth August, a levy was made, sufficient to satisfy the judgment herein, or the plaintiffs' claim. The defendants appeared, and upon giving the undertaking required for that purpose, obtained a discharge of the attachment, and a return of the property levied upon. The defendants, on or about the 20th December, 1867, by answer, set up as a defense herein, a deed of composition, alleged to have been executed by them, under the provisions of the English bankruptcy act,* to one James Powell, a trustee for their creditors. The deed is dated the 2d of September, 1867, and was executed, therefore, nearly a month after this action was commenced, and the attachment granted, and a levy made under it. All of the parties, at the times mentioned, were residents of England. The deed, by the bankrupt law,† is neces-

* 24 and 25 Vict., 134.    † *Supra.*

sarily predicated of the assent of a majority of the creditors in number, representing three-fourths in value of the creditors whose debts respectively amounted to ten pounds and upward. The plaintiffs were non-assenting creditors. Under the pleadings, it became necessary for the defendants to sustain the deed, and to prove, therefore, that all the requirements of the act were complied with. * This they attempted to do. It appears, however, that the composition deed provided that nothing therein contained, should discharge or prejudice any mortgage, lien, or other security, held by any of the creditors, but the creditors holding any such security, should be entitled only to the composition, upon any balance of their respective debts, remaining after giving them credit for the value of the security respectively held by them; and the question therefore presented *in limine*, is whether the levy under the attachment, was a lien or security. If it was, then, according to the proviso in the deed, the creditors, including the plaintiffs, would be entitled only to the composition, upon the balance of their debt remaining, if any, after the appropriation of the security. The effect of this covenant is to require the application of the security, before the creditor is entitled to any part of the assigned estate; and if, therefore, he have a lien, he must use it or imperil his debt. This is not a forced, but natural and just interpretation of the provision set out, the object of which is to prevent the lien creditor from participating in the general fund, except to the extent of the balance of his debt, after exhausting his securities. Hence the importance of determining whether the levy under the attachment is a lien or other security. Under our system requiring two-thirds of the creditors to join, the creditor petitioning, having collateral security, must relinquish it to the assignees.† The plaintiffs, however, by the levy under the attachment, acquired a specific lien upon the property attached. ‡ It becomes, by law, a security for the judgment the plaintiff may recover; ‖ and the right thus acquired, is not defeated by the death of the debtor, if the action survives. § The execution and delivery

---

* Bramble v. Moss, 3d Law Reports, 1867–68 (C. P.), 458.

† 3 R. S., 5th ed., 110, § 11; Morewood v. Hollister, 6 N. Y., 309.

‡ Rinchey v. Stryker, 26 Howard Pr., 75; Frost v. Mott, 34 N. Y., 253.; Holyoke v. Adams, 2 N. Y. Supreme Court, 1.

‖ Code, §§ 227–237.          § Thacher v. Bancroft, 15 Abb. Pr., 243.

of the undertaking, was, in legal contemplation, a continuation of the attachment proceedings. The sureties promised to do exactly what the property seized would accomplish; namely pay the judgment obtained. * On the rendition of the judgment in favor of the creditor, the lien becomes absolute, relating back to the time of the levy, and taking its priority from that date. † In order, therefore, to avail himself either of the property seized, or of the remedy against the sureties, for which they are a substitute, the creditor must proceed to judgment. He must also, if he desire to avail himself of any part of the composition in a case like this, apply the lien or its substitute to the payment of his debt. The plaintiffs were therefore entitled to proceed to judgment. The sureties could not be proceeded against until judgment was obtained. It was a necessary element of the plaintiffs' case against them, ‡ even though the judgment debtors should be entitled to have it stayed, on application therefor, by virtue of their proceedings in bankruptcy, after it had served the purpose for which it was obtained. It thus appearing that the plaintiffs had a lien or security, and that it was not affected by the bankruptcy proceedings to their prejudice, it becomes apparent that the judgment rendered was proper, and cannot be disturbed. It is also apparent, that whatever other available objections may be employed to invalidate the defense interposed, it is unnecessary to resort to them. The lien is an insuperable barrier to the success of the defense set up by the answer.

Judgment affirmed.

DANIELS, J., concurred.

Judgment affirmed.

---

* Holyoke v. Adams, *supra.*

† Code, § 237; Thacher v. Bancroft, *supra;* Yale v. Matthews, 20 How., 430; S. C., 12 Abb., 379; Learned v. Vandenburgh, 7 How., 379; S. C. affirmed, 8 id., 77.

‡ Holyoke v. Adams, *supra.*