### FEILMANN v. BRUNNER.

*Attachment — lien of — foreign bankruptcy proceedings.*

Plaintiff and defendant were both residents of England. Plaintiff commenced an action in this State and attached property of defendant here. Defendant obtained a return of the property by giving the proper undertaking, and afterward as a defense set up a composition deed in favor of his creditors executed under the English bankrupt law a month after the attachment was levied. The deed contained a provision that nothing therein contained should discharge or prejudice any mortgage, lien or other security held by any of the creditors.

*Held,* that by the attachment proceedings plaintiff obtained a lien upon the property as a security for the judgment he might obtain, which was not affected by the deed; that the undertaking was a substitute for such lien, but that to render such lien effective, a judgment must be obtained, and the bankruptcy proceedings and deed were not a defense to the action.

MOTION for a new trial upon exceptions ordered to be heard at the general term in the first instance after a verdict in favor of plaintiffs directed by the court. The action was brought by John Fielmann and another against William Brunner and another, to recover the amount of a draft accepted by defendants and for goods sold and delivered. The material facts sufficiently appear in the opinion.

*Boardman & Boardman,* for plaintiffs.

*A. J. Vanderpoel,* for defendants. Defendants' debt having been discharged in England could not be enforced here. Story on Confl. of Laws, §§ 334, 335, 349, 414; *Matter of Coats,* 12 How. 344; *Leroy* v. *Crowningshield,* 2 Mason, 151, 175; *Stoddard* v. *Harrington,* 100 Mass. 87. The attachment proceedings gave no lien within the meaning of the deed. *Matter of Bellows,* 3 Story's C. C. 428; *Ex parte Foster,* 2 id. 131.

BRADY, J. This action was commenced on the 8th of August, 1867, to recover the amount of a draft accepted by the defendants for £750 sterling and for goods sold and delivered, amounting in price to £116 9s. sterling.

The defendants being non-residents, it was commenced by attachment which was issued on the day named, and on that day, the 8th of August, a levy was made sufficient to satisfy the judgment herein or the plaintiffs' claim. The defendants appeared, and upon giving the undertaking required for that purpose, obtained a discharge of the attachment and a return of the property levied upon.

The defendants on about the 20th of December, 1867, by answer set up as a defense herein a deed of composition alleged to have been executed by them under the provisions of the English Bankruptcy Act, 24-25 Vict. 134, to one James Powell, a trustee for their creditors. The deed is dated the 2d of September, 1867; and was executed therefore nearly a month after this action was commenced and the attachment granted and a levy made under it. All of the parties at the times mentioned were residents of England.

The deed by the English bankrupt law (*supra*) is necessarily predicated of the assent of a majority of the creditors in number representing three-fourths in value of the creditors, whose debts respectively amounted to ten pounds and upwards. The plaintiffs were non-assenting creditors. Under the pleadings it became necessary for the defendants to sustain the deed and to prove therefore that all the requirements of the act were complied with. *Bramble* v. *Moss*, 3 L. R. C. P. 458. This they attempted to do. It appears, however, that the composition deed provided that nothing therein contained should discharge or prejudice any mortgage, lien, or other security, held by any of the creditors, but the creditors holding any such security should be entitled only to the composition upon any balance of their respective debts remaining after giving them credit for the value of the security respectively held by them, and the question therefore presented *in limine* is whether the levy under the attachment was a lien or security. If it was, then according to the proviso in the deed, the creditors, including the plaintiffs, would be entitled only to the composition upon the balance of their debt remaining, if any, after the appropriation of the security. The effect of this covenant is to require the application of the security before the creditor is entitled to any part of the assigned estate, and if therefore he have a lien he must use it or

imperil his debt. This is not a forced, but natural and just interpretation of the provision set out, the object of which is to prevent the lien creditor from participating in the general fund, except to the extent of the balance of his debt after exhausting his securities. Hence the importance of determining whether the levy under the attachment is a lien or other security.

Under our system requiring two-thirds of the creditors to join, the creditor petitioning, having collateral security, must relinquish it to the assignee. 2 R. S. 36, § 11; *Morewood* v. *Hollister*, 6 N.Y. 309. The plaintiffs, however, by the levy under the attachment, acquired a specific lien upon the property attached. *Rinchey* v. *Stryker*, 26 How. 75; *Frost* v. *Mott*, 34 N. Y. 253; *Holyoke* v. *Adams*, 2 N. Y. Sup. 1. The property attached becomes, by law, a security for the judgment the plaintiff may recover (Code, §§ 227–237), and the right thus acquired is not defeated by the death of the debtor, if the action survives. *Thacher* v. *Bancroft*, 15 Abb. 243. The execution and delivery of the undertaking was, in legal contemplation, a continuation of the attachment proceedings.

The sureties promised to do exactly what the property seized would accomplish, namely, pay the judgment obtained. *Holyoke* v. *Adams, supra.* On the rendition of the judgment in favor of the creditor, the lien becomes absolute, relating back to the time of the levy, and taking its priority from that date. Code, § 237; *Thacher* v. *Bancroft, supra; Yale* v. *Demick*, 20 How. 430 ; S. C., 12 Abb. 379; *Learned* v. *Vandenburgh*, 7 How. 379; S. C. affirmed, 8 id. 77.

In order, therefore, to avail himself either of the property seized or of the remedy against the sureties for which they are a substitute, the creditor must proceed to judgment. He must, also, if he desire to avail himself of any part of the composition in a case like this, apply the lien or its substitute to the payment of his debt. The plaintiffs were, therefore, entitled to proceed to judgment. The sureties could not be proceeded against until judgment was obtained. It was a necessary element of the plaintiff's case against them (*Holyoke* v. *Adams, supra*), even though the judgment debtors should be entitled to have it stayed on application therefor, by virtue of their proceedings in bankruptcy after it had served the purpose for which it was obtained. It thus appearing that the plaintiffs had a lien or security, and that it was not affected by the bankruptcy proceedings to their prejudice, it becomes apparent that

the judgment rendered was proper and cannot be disturbed. It is also apparent that whatever other available objections may be employed to invalidate the defense interposed, it is unnecessary to resort to them. The lien is an insuperable barrier to the success of the defense set up by the answer.

*Judgment affirmed.*