JEREMIAH N. ANDERSON, RESPONDENT, *v.* FRANCIS S. HUNN AND OTHERS, APPELLANTS.

*Chattel mortgage — action to set aside, as fraudulent — may be maintained by subsequent mortgagee — either legal or equitable relief may be given, as proofs on the trial may make proper.*

The plaintiff, the holder and owner of a chattel mortgage, given to secure a precedent debt, and junior to that of the defendants, commenced an action to set aside the defendants' mortgage on the ground that it was fraudulent as to the creditors of the mortgagor. *Held,* that as a chattel mortgage gave to the mortgagee a specific lien on the property, the action could be maintained.

Since the Code it is immaterial whether the plaintiff names his action legal or equitable, as the court will grant such relief, either legal or equitable, as the allegations in the complaint and the proofs on the trial demand.

APPEAL from a judgment in favor of the plaintiff, entered at the Monroe county Special Term.

*Rowley & Johnston,* for the appellants.

*Angus McDonald,* for the respondent.

MULLIN, P. J.:

This action was brought to set aside, as fraudulent as against the creditors of Herman S. Smith, a chattel mortgage, given by him to Theodore E. Smith, for the benefit of the firm of Hunn, Smith & Spencer, of which the said Theodore E. Smith was a member, for the sum of $6,000, to secure the payment of $5,000 upon certain household furniture in the house occupied by the said Herman S. Smith. This mortgage was dated on the 21st day of October, 1872, and was filed and recorded in the proper office, on the twenty-fifth of that month. The plaintiff, in his complaint, alleges that on the 25th of March, 1873, the said Herman S., being indebted to him in the sum of $600, for board, etc., before that time had of said plaintiff, to secure him the payment of such indebtedness, executed and delivered to him a chattel mortgage on the same property embraced in the preceding mortgage. A copy of this mortgage was duly filed and recorded on the twenty-seventh of March.

It was further alleged that the mortgage to Theodore was given in pursuance of a combination between him and Herman to hinder, delay and defraud the creditors of the said Herman; that said mortgage was given for much more than was due, and that said Herman, at the time it was given, was insolvent, as was well known to the said Theodore. It was also alleged that the mortgage given to Theodore had been altered without the consent of the said Herman, by making it payable to the firm of Hunn, Smith & Spencer, and that said firm was attempting to enforce said mortgage given to them for the full sum of $6,000, and if the property is taken and sold by them for said sum, nothing will be left to apply on plaintiff's mortgage.

The plaintiff asks judgment setting aside said mortgage so as aforesaid given to said Theodore F. Smith, as fraudulent and void, for the appointment of a receiver and for an injunction.

The answer of the defendants, Hunn, Smith and Spencer, alleges that Herman S. Smith was indebted to them October 1, 1872, in the sum of $2,569 for property sold to him, which was payable in a few days, and not in a year; and to secure this to said firm, Smith executed and delivered to them a chattel mortgage for the sum of $6,000, conditioned to pay $5,000, and that it was taken for the larger sum because it was understood that Smith was to buy of them more furniture, and the excess over and above the amount actually due at the date of the mortgage, was to secure such future purchases. The defendants deny any intent to defraud the creditors of the said Smith, and they also deny that they are attempting to enforce said mortgage for any more than is actually due upon it. They deny all other allegations in the complaint.

The judge at Special Term finds that Herman S. Smith executed and delivered to Theodore Smith, for the benefit of his firm, the mortgage mentioned in the complaint. The property covered by it was worth $4,000, and the said firm had sold and received the avails thereof. That Herman S. executed and delivered to the plaintiff the mortgage mentioned in the complaint to secure the sum of $600, and that sum is due and unpaid thereon.

He also finds that the said Smith was only indebted to the said firm of Hunn, Smith & Spencer, in the sum of $2,000; and that the mortgage was made to them with the intent to hinder, delay

and defraud the creditors of the said Smith, he being at the time in embarrassed circumstances. That said Theodore S. Smith accepted said mortgage with full knowledge of the pecuniary condition of the said Herman, and of the fraudulent intent with which said mortgage was given.

He also finds that the mortgage given to the said firm was fraudulent and void as against the creditors of the said Smith, and he ordered the partners to account for the property taken by them upon their mortgage, and appointed a referee to state the account and appoint a receiver. He charged the defendants with the costs of the action.

The defendant appeals from the judgment.

The first point relied upon by the defendant to reverse the judgment is, that neither the findings nor the evidence show any sufficient reason for bringing this action in equity.

The relief sought by the complaint and the relief granted are equitable, and if a court of equity has jurisdiction to grant the relief sought, no reason can be assigned for a resort to a court of law. In an action at law the plaintiff could only recover damages. If the property covered by the mortgage had been sold to innocent purchasers on the foreclosure by defendants of their mortgage, the property could not be followed, and an action at law could not be maintained until plaintiff had foreclosed his mortgage and obtained title to the property or a judgment against the mortgagor for the debt.

Defendants' mortgage was due on demand; the plaintiff's was not due until the expiration of the term of credit, which was one year from the 25th of March, 1873; before that day arrived the defendant might have sold the property and thus placed it beyond the plaintiff's reach. To effectually prevent the plaintiff from interfering with the defendants in the disposition of the property, the usual danger clause, as it is called, was omitted; so that the plaintiff was essentially helpless until his mortgage debt became due. It is probable that if plaintiff could prove the defendants' mortgage fraudulent, he might recover of them the value of the property taken by virtue of it. By so doing he would surrender his lien on the property and be compelled to rest upon the personal responsibility of the defendants, which might or might not be available when an execution should be issued against them.

The only relief that would be really beneficial to the plaintiff, was in equity, by adjudging defendants' mortgage to be fraudulent and void. He had no adequate remedy at law.

The question then is this: Was the plaintiff, as the owner and holder of the chattel mortgage junior to that of defendants, upon proof that defendants' mortgage was fraudulent as against the creditors of the mortgagor, entitled to a judgment that said fraudulent mortgage be set aside, and thus make the plaintiff's mortgage the first lien on the property covered by it?

A chattel mortgage gives to the mortgagee a specific lien on the property mortgaged, and is, in one respect, a higher security than a mortgage on land. When default is made in the payment of the debt secured by the chattel mortgage, the title to the property becomes absolute in the mortgagee; the title of the mortgagee in a real estate mortgage only becomes absolute after conveyance upon sale on foreclosure.

A junior mortgagee of land is entitled, on proving a prior mortgage on the same premises fraudulent as against the creditors of the mortgagee, to a judgment setting aside such fraudulent mortgage, and no reason is perceived why the mortgagee in a chattel mortgage is not entitled to the same relief.

The case made at the trial, as found by the referee, entitled plaintiff to the relief granted.

In *Thompson* v. *Van Vechten* (27 N. Y., 568), the only claim the plaintiff had to the relief sought was a chattel mortgage, and no doubt was suggested as to his right to the relief, had not his mortgage been usurious and void as against the other creditors of the mortgagor made defendants in the action. (*Falconer* v. *Freeman*, 4 Sandf. Ch., 565; *Frost* v. *Mott*, 34 N. Y., 253.)

In *Rexford* v. *Widger* (2 N. Y., 131), the bill was filed by a mortgagee to set aside judgments as usurious that were liens on the lands covered by the mortgage. The complaint was dismissed not because a mortgagee could not maintain it, but because he was not a *borrower* within the meaning of the statute against usury.

In *Frost* v. *Mott* (34 N. Y., 253), it was held that a creditor who had obtained a specific lien by seizure of personal property by attachment, could maintain an action for its illegal seizure, and surely one who has a lien by mortgage on personal property, may

invoke the aid of a court of equity to perfect it by removing out of the way obstructions fraudulently interposed against it.

So also a partner has such a lien on the partnership property as entitles him to a judgment setting aside fraudulent sales or incumbrances made by his copartner. (*Wade* v. *Rusher*, 4 Bos., 537.)

I think the relief granted was such as the facts called for and justified.

The appellant's third point is, that the plaintiff's mortgage was not made upon such consideration as authorizes him to question a prior mortgage upon a good consideration.

The consideration of plaintiff's mortgage was as valid as that of defendants'; each was given for a debt previously contracted.

I am not prepared to assent to the proposition that a creditor who has obtained a lien on the property of his debtor to secure a prior indebtedness, cannot protect his lien in equity against a prior fraudulent incumbrancer. It is urged quite earnestly that this action should have been brought on the law side of the court and not in equity. Since the Code it is quite immaterial whether the plaintiff names his action equitable or legal. The court will grant him such relief, legal or equitable, as the allegations in the complaint and proofs on the trial demand. The relief sought and that granted, are equitable only. The judgment should be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs.