## NEW YORK COMMON PLEAS.

MARY A. CANTRELL, plaintiff and appellant, agt. WILLIAM C. CONNER, sheriff, &c., defendant and respondent.

*Who is a householder, in reference to property exempt from execution — when a demand of exempt property taken by the sheriff unnecessary.*

The mere fact that the plaintiff in this case was boarding and that her goods were stored temporarily at the time of the levy, did not deprive her of the character of a housekeeper.

Besides, it is not only the householder whose property is entitled to exemption, but one "having a family for which he provides."

The plaintiff and her infant son, who lives with and is dependent on her for support, may be deemed to constitute a family for which she provides.

A sheriff levies upon and takes exempt property at his peril; no demand for a return of the property to the owner is necessary.

*General Term, December,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* J. F. DALY, *JJ.*

APPEAL by the plaintiff from a judgment of the district court for the third judicial district, in the city of New York, in favor of the defendant for costs and extra costs.

*Henry H. Morange,* for plaintiff and appellant.

*Brown, Hall & Vanderpoel,* for defendant and respondent.

LOEW, *J.* — This action was brought by the plaintiff against the defendant, as sheriff of the city and county of New York, to recover $250, being the alleged value of a bedstead, two

Cantrell agt. Conner.

bureaus and other household furniture which the defendant levied upon and sold under and by virtue of an execution against the plaintiff's property.

Some of the articles of household furniture thus seized and sold by the sheriff were unquestionably "necessary," within the meaning of the exemption act (4 *Edmonds' Statutes at Large* [2d ed.], *p.* 626), and the plaintiff was, therefore, entitled to a judgment for some amount. The mere fact that the plaintiff was boarding, and that her goods were stored at the time of the levy, did not deprive her of the character of a householder for the reason that the word householder does not simply signify a housekeeper, but imports the master, or head of a family as well, and, also, because the evidence tends to show that the plaintiff had only temporarily given up housekeeping and intended to resume it again at an early period (*Griffin* agt. *Sutherland,* 14 *Barb.,* 456). A person who would otherwise come within the statute should not be deprived of its benefits merely because he is temporarily boarding and has stored his goods in the mean time. The laws exempting certain property from levy and sale on execution should receive a liberal construction in conformity with the humane and beneficent design of the legislature in enacting them (*Stewart* agt. *Brown,* 37 *N. Y.,* 350).

But, even if we should concede that the plaintiff was not a householder at the time in question, her necessary household furniture would, nevertheless, be exempt. It is not only the householder who is entitled to the exemption, but one "having a family for which he provides," is also entitled to the protection which the law affords to the unfortunate debtor. The terms of the statute referred to are in the alternative, and a person who has a family for which he provides, is as much within the provisions of the act, and entitled to the benefits conferred by it, as if he were, strictly speaking, a householder (*Hutchinson* agt. *Chamberlin,* 11 *N. Y. Leg. Obs.,* 248). The plaintiff and her infant son, who lives with and is dependent on her for support, may be deemed to con-

Cantrell agt. Conner.

stitute a family; and as the plaintiff provides for that family, it is quite clear that she falls within the latter of the two classes of persons designated in the statute (*Robinson's Case*, 3 *Abb.*, 467; *Cox* agt. *Stafford*, 14 *How.*, 519).

It is also urged that the plaintiff cannot recover in this action, because she did not claim that the goods were exempt at the time they were taken by the defendant. The plaintiff testified, in the most positive manner, that as soon as she heard of the seizure she called on the under sheriff and demanded a return of the property on the ground that it was exempt by law. On the part of the defendant it is admitted that she called, as testified to by her, but the demand is denied. Upon this conflict of evidence the court below, by its decision, must be deemed to have found in favor of the defendant on this point, but a demand was not necessary. Even if the plaintiff had been present at the seizure, her silence or omission to claim the exemption would not, of itself alone, have justified or protected the sheriff in wrongfully removing and disposing of such of her goods as were, by law, exempt from levy and sale under legal process (*Frost* agt. *Mott*, 34 *N. Y.*, 253, 257).

The judgment should be reversed, with costs.