JOHN E. JACOBS, RESPONDENT, *v.* WILLIAM J. HOGAN AND WILLIAM EDWARDS.

FRANK H. WHITMAN AND EDWIN B. WHITCOMB, APPELLANTS, *v.* WILLIAM J. HOGAN AND WILLIAM EDWARDS.

*Irregularity in attachment — when it cannot be taken advantage of by a subsequent attaching creditor.*

In the absence of fraud or collusion, any irregularity in the issuing of an attachment, which is waived by the debtor, cannot be taken advantage of by a subsequent attaching creditor.

APPEAL by the plaintiffs in the second action from an order of the Erie Special Term, denying their motion to vacate a warrant of attachment issued in the first action.

On July 6, 1877, an attachment, under the Code, in the first of the above cases, was issued to the sheriff of Erie county against

the property of the defendants, as non-resident or absconding debtors, founded upon the affidavit of one of the attorneys for the plaintiffs, and which attachment was accompanied with a summons in the action, and by virtue thereof the sheriff seized the personal property, consisting of boots, shoes, etc., of the defendants. The defendants were not served with the summons, and did not appear in the action; and, on October 8, 1877, judgment by default was got therein and an execution issued to the sheriff, which he levied upon the property which he had attached.

On July 14, 1877, eight days after the above attachment was issued, the second of the above actions was commenced in favor of the plaintiffs, Whitman and Whitcomb, against the same defendants, in which an attachment was also issued to the same sheriff and levied on the same property. On October 20, 1877, judgment was entered in said action, and an execution issued thereon to said sheriff, and levied on the said property; after which, said Whitman and Whitcomb made a motion, at Special Term, to vacate and discharge the attachment, in the first case, on the ground of the insufficiency of the affidavit on which the same was founded, and of the summons issued with it. It was claimed that the affidavit on which the attachment issued was fatally defective, in that it did not show any cause of action, or state the grounds of the plaintiff's claim, and that the summons was defective in not being subscribed by the plaintiff or any attorney. The court, at Special Term, held the said affidavit and summons to be insufficient, but denied the motion on the ground that no one but the defendants themselves could take advantage of the defects. From the decision at Special Term Whitman and Whitcomb appealed to the General Term.

*E. B. Vedder*, for the appellants. The affidavit on which the attachment in favor of Jacobs was issued was fatally defective in that it entirely omitted to state the grounds of the cause of action or even what the cause of action was for. (*Zeregal* v. *Benoist*, 33 How. Pr. R., 134; *Skiff* v. *Stewart*, 39 id., 385; *Richter* v. *Wise*, 6 T. & C., 70; *Manton* v. *Poole*, 4 Hun, 638.) On motion to set aside attachment for insufficiency of affidavit on which it was granted, the defect cannot be remedied by supplementary affida-

vits. (*Yates* v. *North*, 44 N. Y. R., 271; *Richter* v. *Wise*, 6 T. & C., 70.) The summons, not being subscribed by the plaintiff or his attorneys, was void. No action was commenced by it, or pending in consequence of it. (See section 128 of late Code, under which it was issued; *Farmers Loan and Trust Co.* v. *Dickson*, 17 How. Pr. R., 477; *Barnard* v. *Heydrick*, 49 Barb., 62; *Weir* v. *Slocum*, 3 How. Pr. R., 397; *Kerr* v. *Mount*, 28 N. Y., 659.) The summons cannot be amended without an order of court for the purpose. *Ward* v. *Stringham*, 1 Code R., 118; *Gray* v. *Brown*, 15 How. Pr. R., 555; *Walkinson* v. *Perzel*, 32 id.. 310; *Allen* v. *Allen*, 14 id., 249; *McCram* v. *Moulton*, 3 Sand., 736; *Follower* v. *Laughlin*, 12 Abb., 105–6; *Kerr* v. *Mount*, 28 N. Y., 659; *Wallace* v. *Castle* 68 id., 370.)

*W. C. Fitch*, for the respondent.

SMITH, J.:

The motion to set aside the attachment in the suit of Jacobs was made upon the ground of alleged irregularities. It was properly denied, for the reason that any mere irregularity in that action could not be taken advantage of by a subsequent attaching creditor. If the defendants in the action chose to waive it, the irregularity was of no consequence.

There is nothing conflicting with this position in the cases which hold that an attaching creditor has a specific lien on the property attached, and may attack for fraud other claims upon the debtor's property. (*Rinchey* v. *Stryker*, 26 How. Pr. R., 75; *Frost* v. *Mott*, 34 N. Y., 253; *Hall* v. *Stryker*, 27 id., 596.) In this case no fraud or collusion is alleged. The moving party is not aided, as his counsel seems to suppose, by the fact that he has obtained a judgment in his attachment suit. His difficulty is that he has no standing in the prior action to question the regularity of the proceedings in that action. The defendants in the action having waived the irregularities, the proceedings are valid as to creditors, there being no fraud or collusion. The proceedings complained of having been had prior to September 1, 1877, at which time the Code of Civil Procedure took effect section 682 of that Code, does not apply to the case.

The order should be affirmed, with $10 costs and disbursements.

TALCOTT, P. J., and NOXON, J., concurred.

Ordered accordingly.