## ADDIS TURNER, RESPONDENT, v. HARLOW G. BORTHWICK, APPELLANT.

*Exempt property — exemption must be claimed when a levy is made.*

A deputy sheriff levied under an execution, issued upon a judgment recovered against the present plaintiff, upon certain articles of property claimed to be exempt ; at the time of making the levy he told the plaintiff's wife that he thought the property was exempt, and told the plaintiff that he would levy on it and take it away if he (plaintiff) did not forbid him , to which plaintiff replied, "I didn't know that I could forbid you," and further said that the deputy might take it. The plaintiff was also present at the sale and made no claim that the property was exempt from execution.

*Held*, that having failed to claim that the property was exempt at the time the levy was made he could not thereafter claim that such levy was unlawful and sue the sheriff to recover damages therefor.

*Frost* v. *Mott* (34 N. Y., 253), distinguished.

APPEAL from an order made at Special Term granting a motion, made upon a case and exceptions, to set aside a nonsuit directed at the circuit.

The action was brought against the sheriff of Cortland county

to recover damages for an alleged unlawful levy made by one of his deputies, under an execution against the present plaintiff, upon property claimed to have been exempt from execution.

The plaintiff was nonsuited on the trial.

*Waters & Eggleston,* for the appellant.

*Warren & Kellogg,* for the respondent.

LEARNED, J. :

The case of *Frost* v. *Mott* (34 N. Y., 253) throws little light on the present case. In that the defendant had levied on sixteen sheep and ten lambs under an execution against Clapp. Clapp claimed ten sheep as exempt, and Frost claimed the rest of the property as mortgagee. Each sued and recovered. Nothing appears as to the circumstances of the levy.

In the present case, the evidence is uncontradicted that the deputy sheriff came with the execution and was about to make a levy. That the wife of the plaintiff asked what she could hold as exempt property, and the deputy told her he thought that was exempt property, but he had orders to take it ; that the deputy went to the plaintiff's house and said he would levy on that property, and should take it away if he, the plaintiff, did not forbid him, to which the plaintiff replied, "I didn't know that I could forbid you," and said that the deputy might take it ; that the plaintiff said nothing about the property being exempt; that he was present at the sale and never said anything else about it, and did not forbid the sale.

Under such circumstances, the doctrine laid down in *Twinam* v. *Swart* (4 Lans., 263), and in similar cases applies with great force. It was the officer's duty to levy on the plaintiff's property. It was the plaintiff's privilege to insist that some of his property was exempt from such levy. But he could certainly waive that exemption if he chose to do so. It is held in the case last mentioned that a neglect to claim the exemption is itself a waiver. In the present case, however, there was more. The deputy informed the wife that he thought that the property (meaning, probably, a part of what was levied upon) was exempt. But neither she nor her husband gave any indication that he insisted

on the exemption. Further the plaintiff said : "I didn't know that I could forbid you ; " and said that the deputy might take the property. How could the officer have escaped liability, if he had neglected to levy, after such permission given to him. How can he now be made liable to the present plaintiff for doing an act to which the plaintiff consented ? This is not a case of mere silence on the part of the judgment debtor. It is a case whereby express language he consents to the levy. After such consent, it would be unjust that he should have a recovery against the officer.

We think that the order granting a new trial should be reversed, with costs.

BOARDMAN, J. :

The plaintiff claimed to recover of the defendant the value of property seized by him on execution and sold. The property consisted of working-tools and team, and the necessary food for the team for ninety days. The value of the property taken was proved upon the trial to exceed $250. The plaintiff was non-suited on the trial upon the ground, probably, that the sheriff, on the facts proved, had a right to seize and sell the property, not-withstanding the plaintiff could have legally claimed the property was exempt at or before the sale.

Afterwards, on a case made, a new trial was granted, but upon what grounds is not stated. The defendant now appeals from the order granting the new trial.

The plaintiff is conceded to have been a householder under the law. The property taken, we may fairly infer, would have been found to be necessary for the support of the family. If a proper claim had been or was made, the plaintiff would have been enti-tled to have $250 in value of the property seized, such as might be selected, exempted from the sale. Under these facts the follow-ing questions are presented for our decision · (1.) Had the sheriff the right to levy upon property liable to be exempted from levy and sale on his execution ? (2.) Was it the duty of plaintiff to claim the exemption or forbid the sale to put the sheriff in the wrong ? (3 ) Was a demand necessary before this action could be maintained ?

The questions are disposed of by the case of *Twinam* v. *Swart*

(4 Lans., 263), decided by the General Term of this department in 1871. It is there held in substance that all personal property is liable, in the first instance, to levy under execution, and that in some form the execution debtor must make his claim to exemption to the officer making the levy. This may be done by a demand of the property, or by forbidding the sale, or by a claim to exemption. If after that the officer proceeds to sell, he does so at his peril.

In the present case no such demand or claim was made. On the contrary, the debtor consented to the taking of the property by the defendant with full knowledge of the facts. The debtor was present at the sale, but did not forbid. He therefore did not forbid the levy or sale, nor did he make any claim to exemption or demand the property. It is therefore simply the levying upon and selling by the sheriff of property of the execution debtor, some of which, at least, was subject to be claimed as exempt, but without objection on the part of the debtor.

To the same effect are the cases of *Seaman* v. *Luce* (23 Barb., 240), where it is held to be the duty of the execution debtor to claim his exemption before he can have his action for the levy or sale. (*Lockwood* v. *Younglove*, 27 Barb., 505, the court saying, " the right of choice necessarily belongs to the debtor; " *Davis* v. *Prosser*, 32 id., 290, where it is said, "*prima facie*, all the personal property of a judgment debtor is liable to levy and sale upon execution. * * * No property in his possession is exempt *per se ;* " *Baker* v. *Brintnall*, 52 Barb., 188, 193.)

The case of *Frost* v. *Mott* (34 N. Y., 253), is cited in apparent hostility to the foregoing authorities. The report of the case is very unsatisfactory, so far as it touches this case. In the statement of facts it appears that Clapp, the plaintiff, claimed the exempt property. The referee, so far as appears, made no finding upon that point. Judge PORTER, in his opinion, says : " The defence principally relied on is, that the property belonged to the mortgagee, and that the defendant is responsible to him, and not to Clapp, for the taking and detention of the sheep claimed as exempt." Upon what grounds a nonsuit was asked for does not appear. The judgment in favor of the plaintiff was sustained upon the decision of the principal question alluded to. The other lan-

guage used by the judge, to the effect that it was the officer's duty to select and leave with the debtor such exempt property as he was entitled to, does not appear to have been called for in the disposal of the case, and was not warranted by any facts shown to exist. But the learned judge says : "He (the officer) neither requested the plaintiff to designate them (the exempt property), nor made any designation himself." In the present case the defendant told the plaintiff's wife he thought the property was exempt. He also told the plaintiff he should levy on the property and take it away, if not forbidden. Plaintiff replied, "I did'nt know that I could forbid you," and told defendant he might take it. Here was a plain request by the defendant to the plaintiff to claim his exemption if he desired to do so, and in effect a refusal by plaintiff to make any claim.

Upon a careful consideration of the authorities, we think the plaintiff was properly nonsuited, and that a new trial should not have been granted.

The order granting a new trial should therefore be reversed, and the motion for a new trial denied, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Order granting new trial reversed, with costs.