Sullivan agt. Farley.

## N. Y. COMMON PLEAS.

MORTIMER SULLIVAN, respondent, agt. CORNELIUS FARLEY, appellant.

*Sheriff — Levy — When sheriff not liable as a trespasser in levying upon property exempt from levy and sale.*

Where the sheriff has levied upon property, unless it is shown either that he knew that such property was exempt from levy and sale under legal process, or a claim of exemption was made by or on behalf of the execution debtor to the sheriff, the sheriff is not a trespasser in levying upon property which, upon the trial, may be proved to be such, or if the execution debtor had claimed exemption, he would have had a right to have exempted from levy and sale.

*General Term, June,* 1882.

*D. A. Spellissy*, for plaintiff and respondent.

*E. P. Wilder*, for defendant and appellant.

VAN BRUNT, *J.* — Upon the argument of this appeal it was intimated that the case of *Twinam* agt. *Swart* (7 *Lans.*, 263), required a reversal of the judgment, unless the rule laid down in the above case was modified or controlled by the cases of *Frost* agt. *Mott* (34 *N. Y.*, 231), and *Cantrell* agt. *Connor* (6 *Daly*, 224). The reasons requiring a claim of exemption to be made by an execution debtor to the sheriff of execution are so well stated in the case of *Twinam* agt. *Swart* (*supra*), that it is not necessary to repeat them here, neither is it necessary to discuss the question, because such discussion would be but a mere repetition of the argument of the learned justice who wrote the opinion in that case. The cases of *Frost* agt. *Mott* and *Cantrell* agt. *Connor*, upon an examination of the same, do not conflict with the rule laid down in the case of *Twinam* agt. *Swart*.

The most that can be deduced from the cases of *Frost* agt. *Mott* and *Cantrell* agt. *Connor* is, that where the sheriff knows that he is levying upon property which the statute exempts from execution, the execution debtor is not required to make the claim of exemption. It may fairly be inferred that in both of these cases the court found that the claim for exemption had been made, as in the statement of facts in the case of *Frost* agt. *Mott* it is stated that the execution debtor claimed the property sued for as exempt, and in the case of *Cantrell* agt. *Connor* there was positive evidence that the property sued for had been claimed by the execution debtor as exempt. It is true that there is an expression of opinion in that case that *Frost* agt. *Mott* was an authority for the proposition that a failure to claim exemption would not justify or protect the sheriff in wrongfully removing and disposing of the goods by law exempt from levy and sale under legal process.

We are of the opinion, therefore, that the cases of *Frost*

agt. *Mott* and *Cantrell* agt. *Connor*, are not in conflict with the case of *Twinam* agt. *Swart*, but may be reconciled with it ; and that unless it is shown either that the sheriff knew that the property levied upon was exempt from levy and sale under legal process, or a claim of exemption was made by or on behalf of the execution debtor to the sheriff, the sheriff is not a trespasser in levying upon property which upon the trial may be proved to be such, or if the execution debtor had claimed exemption he would have had a right to have exempted from levy and sale.

