The National Tradesmen's Bank, Appellant, *v.* Margaret Wetmore, Respondent.

The subjects of fraud and trusts are peculiarly matters of equity jurisdiction, which is comprehensive where other tribunals cannot afford relief, and want of it is not to be inferred from the novelty of the questions presented.

While the recovery of a judgment and the return of an execution issued thereon unsatisfied are essential prerequisites to the maintenance of an action in the nature of a creditor's bill under the statute (2 R. S. 173, § 38; Code Civ. Pro. § 1871), and while, as a general thing, the same rule is applied to actions in equity, having in their purpose or the relief sought the nature of statutory creditor's bills, it does not extend so far as to deny to a creditor the interposition of the equity powers of the court where the situation is such as to render it impossible for him to take those preliminary steps.

In an action by plaintiff, as a creditor of W., to set aside as fraudulent, a deed of real estate made by W. to his wife through a third person, of land in this state, it appeared that W., who resided in Connecticut, having become insolvent, made an assignment for the benefit of creditors to a citizen of that state. Plaintiff brought actions there upon his claims against W., who died while they were pending. His assignor was appointed administrator of his estate, and upon plaintiff seeking to

revive and continue the actions against said administrator, the court directed that the actions abate and be discontinued. According to the prescribed practice in said state, the probate court appointed commissioners in insolvency, to whom plaintiff's claims were presented; they settled and fixed the amount thereof. The assets were insufficient to pay the expenses of the settlement of the estate and the preferred claims. The trial court found that the deed in question was made after W.'s indebtedness to plaintiff accrued, without consideration and with intent to defraud his creditors, and that at the time of his death, W. had no title to any property, real or personal, in this state. Defendant claimed that as no execution had been issued and returned unsatisfied, founded upon any judgment recovered by plaintiff, this action could not be maintained. *Held* (Follett, Ch. J., dissenting), untenable; that the situation being such as to render it impossible for plaintiff to recover a judgment upon which execution could be issued, a court of equity had power to grant relief.

Also *held,* that the determination of the commissioners became as conclusive and binding upon the trustee as if it had been a recovery by action against him in a court of law.

Also *held* (Follett, Ch. J., dissenting), that as under the laws of Connecticut, real estate not within that state was exempted from the operation of the assignment, the assignee could not as a representative of the creditors, bring an action in this state under the act of 1858 (Chap. 314, Laws of 1858) to reach the lands in question.

*It seems* that as plaintiff had no lien upon the property he could not, after the death of W., obtain any preference over his other creditors; and that his action can be only effectual as one for the benefit of himself and the other creditors.

The complaint proceeded solely in behalf of the plaintiff and demands relief for its benefit alone. A final judgment was directed by the trial court in plaintiff's favor, which the General Term reversed, and directed final judgment for defendant. *Held,* error, so far as the direction for final judgment is concerned; that assuming there was a defect in the pleadings it was available only by demurrer or answer (Code Civ. Pro. §§ 488, 499); that as it was not so presented and as defendant answered, the judgment to be directed was not controlled by the relief demanded, and the court could direct such judgment as would be proper upon the facts in favor of plaintiff and other creditors.

(Argued June 26, 1890; decided January 22, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 9, 1887, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special

Term and directed final judgment against plaintiff dismissing the complaint with costs.

This action was brought to set aside, as fraudulent, a deed from Abner C. Wetmore through a third person to his wife, the defendant herein, and for a sale of the lands described therein in order to pay a debt due plaintiff from said Abner C. Wetmore.

Between August 20, 1882, and December 28, 1882, Abner C. Wetmore, a resident of the county of New Haven, in the state of Connecticut, became indebted to the plaintiff, a resident of the same place, in $5,869.07 on an over-draft and on eleven promissory notes maturing on various dates between December 24, 1882, and March 21, 1883. December 28, 1882, Wetmore conveyed to Ulysses S. Campbell without consideration, an undivided one-third interest in 11,230 acres of land in the county of Hamilton, in the state of New York, and he on the same day, assumed to convey without consideration, and by an unsealed deed, the same land to the defendant. January 3, 1883, the deeds were recorded in the office of the clerk of that county. February 19, 1883, Wetmore made a general assignment of all his property to Eli Ives, of the county of New Haven, in the state of Connecticut, for the benefit of creditors, which was recorded on the same day in the court of probate for that county. The assignee accepted the trust and his appointment was confirmed by the court of probate and he became the legal and acting assignee, and so continued until April 19, 1883, when he resigned and Charles P. Ives, of the county of Hartford, in the state of Connecticut, was by the court of probate, duly appointed trustee of the assigned estate, pursuant to the statutes of that state ; he accepted the trust, qualified and entered upon the discharge of his duties, and has ever since remained the legal and acting trustee of said estate. The plaintiff began actions against Abner C. Wetmore in the courts of Connecticut for the recovery of the sums due from him to it, and was engaged in prosecuting them when in June, 1883, Wetmore died intestate, and in October, 1883, Charles P. Ives (the substituted assignee) was duly

appointed administrator of the intestate's estate, accepted the trust and has ever since remained the legal and acting administrator and assignee of said estate.

Under the statutes of Connecticut actions for the recovery of money due on contract may be revived and prosecuted against the personal representatives of a solvent estate; but if the estate be insolvent the court of probate may adjudge that no actions except to recover debts due the United States, the state of Connecticut, the expenses of the decedent's last sickness or of his funeral charges, shall be prosecuted. Pursuant to this law that court on the 27th of December, 1883, adjudged that the intestate's estate should be settled as an insolvent one, and that the plaintiff's actions should be discontinued, and they were. By the statutes of Connecticut, commissioners are appointed by the probate court to adjudge and determine claims presented against insolvent estates, pursuant to which commissioners were appointed to determine the claims due from the estate of said Wetmore, and it was adjudged by them that there was due to the plaintiff from the estate on the 24th of November, 1883, the sum of $6,177.64. The commissioners allowed preferred claims against the estate to the amount of $296.93, and unpreferred ones for $28,129.94. The assets of the estate were insufficient to pay the expenses of settling it and the preferred claims.

Other facts appear in the opinions.

*H. R. Durfee* for appellant. The court below erred in dismissing plaintiff's complaint. (*Griffin* v. *Marquardt*, 17 N. Y. 28, 30; *Schenck* v. *Dart*, 22 id. 422; *Foot* v. *E. L. Ins. Co.*, 61 id. 578; Code Civ. Pro. § 1317.) As it does not appear from the judgment of the General Term that the judgment of the trial court was reversed on a question of fact, the findings of fact made by that court are not subject to review. (Code Civ. Pro. §§ 1337, 1338; *Van Tassel* v. *Wood*, 76 N. Y. 614; *In re Cottrell*, 95 id. 332.) As to existing creditors of Abner C. Wetmore, his conveyance to Campbell and Campbell's conveyance to the defendant, are fraudulent and void. (*Carpenter*

v. *Roe*, 10 N. Y. 227; *Babcock* v. *Eckler*, 24 id. 623; *Erickson* v. *Quinn*, 47 id. 413; *Cole* v. *Tyler*, 65 id. 77; *Young* v. *Heermans*, 66 id. 384.) The action is not a creditor's bill, and is not within the statute (2 R. S. 174, § 38) which requires the recovery of a judgment and the issuing of an execution and its return unsatisfied as conditions precedent to the suit. (*C. C. Bank* v. *White*, 6 N. Y. 252; *McCartney* v. *Bostwick*, 32 id. 62; *Adsit* v. *Butler*, 87 id. 558; *Case* v. *Beauregard*, 101 U. S. 690; *Turner* v. *Adams*, 46 Mo. 95; *Keeler* v. *Homes*, 3 Ia. 365; *Ticonie Bank* v. *Harney*, 16 id. 141; *Botsford* v. *Beers*, 11 Conn. 369; *Payne* v. *Sheldon*, 63 Barb. 169; *Thurmond* v. *Reese*, 3 Ga. 449; .*Cornell* v. *Radway*, 22 Wis. 260; *Sanderson* v. *Stockdale*, 11 Md. 563; Bump on Fraud. Con. 517; *Harvey* v. *McDonnell*, 113 N. Y. 526; *Andrew* v. *Vanderbilt*, 37 Hun, 470; *Shellington* v. *Howland*, 53 N. Y. 371; *Handy* v. *Draper*, 89 id. 337; *Kincaide* v. *Dwinelle*, 59 id. 551; *Hetzel* v. *T. S. M. Co.*, 4 Abb. [N. C.] 42; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 316; *Kendall* v. *Corning*, 88 id. 137; *Ballou* v. *Jones*, 13 Hun, 631; *Kamp* v. *Kamp*, 46 How. Pr. 143; *Bailey* v. *Bussing*, 37 Conn. 352; *Loomis* v. *Eaton*, 38 id. 550; *F. N. Bank* v. *H. L. & A. Ins. Co.*, 45 id. 22; Code Civ. Pro. § 2476.) The respondent is not in a position to raise any question as to the conveyance of the lands described in the complaint by Wetmore to Campbell or by Campbell to the respondent. (*Edward* v. *Lent*, 8 How. Pr. 28; *Fales* v. *Hicks*, 12 id. 153; .*Wood* v. *Raydure*, 39 Hun, 144, 146.) The deed from Abner C. Wetmore to Campbell is not rendered invalid by the statute of Connecticut. (31 Conn. 67.) It was not necessary that the deeds from Wetmore to Campbell and from Campbell to the respondent should be acknowledged in order to convey the title. (1 R. S. 738, § 137; *Fryer* v. *Rockefeller*, 63 N. Y. 274; *Rathbun* v. *Rathbun*, 6 Barb. 103; *C. Academy* v. *McKechine*, 19 Hun, 68; 90 N. Y. 628; *Smith* v. *Boyd*, 101 id. 472; *Kendall* v. *Douglas*, 19 Hun, 584.) The fact, if it be a fact, that the deed from Campbell to the defendant was not sealed as required by the statute of this state, presents no

obstacle to the maintenance of this action. (*Nat. Bank v. Lanier*, 7 Hun, 627; *Wadsworth v. Wendell*, 6 Johns. Ch. 230; *Grandin v. Hernandez*, 29 Hun, 460; *Wendell v. Wadsworth*, 20 Johns. 652; *Clarkson v. DePeyster*, 3 Paige, 320, 322; *Stowell v. Haslett*, 5 Lans. 382, 383; 57 N. Y. 637; 3 Hun, 555; 66 N. Y. 635; Code Civ. Pro. § 1207; *Durand v. Hankerson*, 39 N. Y. 287.) The notaries' certificates were properly admitted. (Code Civ. Pro. §§ 923, 925; *McAndrews v. Radway*, 34 Hun, 511; *Ross v. Bedell*, 5 Duer, 462; *Baker v. Morris*, 25 Barb. 138; *Hartford Bank v. Stedman*, 3 Conn. 489; *Bank of Geneva v. Howlett*, 4 Wend. 329; *Eagle Bank v. Hathaway*, 5 Metc. 213; *S. F. Bank v. Townley*, 107 Mass. 444.) The exceptions to the rulings of the court admitting in evidence the statutes and reports of Connecticut are not well taken; the evidence was competent. (Code Civ. Pro. § 942; *McCartney v. Bostwick*, 32 N. Y. 53; *Ballou v. Jones*, 13 Hun, 631; *Kamp v. Kamp*, 46 How. Pr. 143.) The exceptions to the admission in evidence of the records of the courts of Connecticut are not well taken. (U. S. R. S. 170, § 905.) The defendant having appeared in the action was properly personally charged with the costs. (Code Civ. Pro. §§ 424, 1216, 1217.) The form of the judgment directing a sale of the lands is proper. (*C. C. Bank v. White*, 6 N. Y. 255.)

*S. Brown* for respondent. Even if the defendant, by the alleged conveyance to her, acquired title to the land and the conveyance was fraudulent (which is denied), still the plaintiff was not entitled to maintain this action. (Code Civ. Pro. §§ 1871, 1872; *Crippen v. Hudson*, 13 N. Y. 161, 488; *Dunlevy v. Tallmadge*, 32 id. 457; *Adee v. Bigler*, 81 id. 349, 351; *Loomis v. Tifft*, 16 Barb. 541; *Evans v. Hill*, 18 Hun, 465; *Adsit v. Sandford*, 23 id. 45, 49; 87 N.Y. 585; *Bank v. Olcott*, 46 id. 12; *Allyn v. Thurston*, 53 id. 622; *Estes v. Wilcox*, 67 id. 264; *Geery v. Geery*, 63 id. 252; *McCartney v. Bostwick*, 32 id. 53.) The assignee of Wetmore, under said law of 1858, became vested with the right and is entitled to maintain an

action (assuming the finding as to the alleged fraud was correct) to set aside the conveyance. (*Spring* v. *Short*, 90 N. Y. 538; *Crouse* v. *Frothingham*, 97 id. 105; *Raymond's Appeal*, 28 Conn. 49.) By the provisions of chapter 314 of the Laws of 1858, an administrator is also authorized to bring an action as well as an assignee to set aside fraudulent conveyances. If the assignee did not take the right under this statute as trustee to prosecute an action therefor, then an administrator may be appointed and he can do so. (Code Civ. Pro. §§ 2476, 2479, 2793; *Barton* v. *Hosner*, 24 Hun, 467; *Southard* v. *Benner*, 72 N. Y. 427.) Plaintiff sought, in defiance of the statute, to gain a preference over the other creditors of Wetmore. The judgment at Special Term gave the bank a right to collect its debt to the exclusion of the other creditors. This was erroneous. (Code Civ. Pro. § 2793; *Lichtenberg* v. *Herdtfelder*, 103 N. Y. 302; *Crouse* v. *Frothingham*, 97 id. 114; *Harvey* v. *McDonnell*, 113 id. 526.) If we assume for the argument that Arther C. Wetmore had title to the lands described in the complaint, as claimed by the plaintiff, then there is no evidence to show that the defendant ever acquired any title or interest in the same. (*Morss* v. *Salisbury*, 48 N. Y. 643, 644; *N. Bank* v. *Lainer*, 7 Hun, 627; Story's Eq. Juris. §§ 176, 433, 706, 787, 793, 973, 987; Laws of 1848, chap. 195; Laws of 1856, chap. 61; Laws of 1867, chap. 585; *Fryer* v. *Rockefeller*, 63 N. Y. 268–272; *Gillett* v. *Stanley*, 1 Hill, 123, 126, 127; *Smith* v. *Tin*, 14 Abb. [N. C.] 452; Code Civ. Pro. § 923; *Bank of Rochester* v. *Gray*, 2 Hill, 227, 231; *Bank of Vergennes* v. *Cameron*, 7 Barb. 145, 148; *Kirtland* v. *Wanzer*, 2 Duer, 278; *Lawson* v. *Pinkney*, 8 J. & S. 187.)

Bradley, J. The question *in limine* is whether the plaintiff had any standing in court to enable it to attack, as fraudulent against the creditors of the grantor, the conveyance made by Abner C. Wetmore to his wife, the defendant, through a third person, of the land in question situated in this state; and that proposition arises on the fact that no execution had been issued and returned unsatisfied founded upon any judgment recovered

by the plaintiff upon the debt due to it from such grantor. The action certainly could not, as a creditor's bill, under the statute, be maintained, because recovery of a judgment and the return unsatisfied of an execution issued upon it, are essential pre-requisites for that purpose. (2 R. S. 173, § 38; Code, § 1871.) And it has become the settled rule in this state not to dispense with those preliminary proceedings at law, although it may be made to appear by evidence that no benefit could result to the creditor from them. (*Estes* v. *Wilcox*, 67 N. Y. 264; *Adsit* v. *Butler*, 87 id. 585.) This is not founded upon any purpose of the statute to repeal or curtail the common-law equity powers of the court, not inconsistent with the statute, to investigate the conduct of debtors in respect to their property in fraud of creditors, and to grant relief. The statute did not purport to do that, but provided that "the powers and juris-diction of the Court of Chancery are co-extensive with the powers and jurisdiction of the Court of Chancery in England, with the exceptions, additions and limitations, created and imposed by the Constitution and laws of this state." (2 R. S. 173, § 36.) In some of the states the issue and return of execu-tion preliminary to the action in equity is not required when it clearly appears that it would be utterly fruitless; and the same doctrine has been declared in the United States Supreme Court (*Case* v. *Beauregard*, 101 U. S. 690). The rule in this state, in some sense limiting the exercise of jurisdiction of the court so as to bring within its application all cases having in their purpose or relief sought, the nature of statutory creditor's bills does not necessarily rest upon a want of equitable power of the court or its denial, but rather is adopted as a rule govern-ing and regulating the exercise by the court of jurisdiction within its equitable powers. It has the merit of uniformity, and in effect relieves a case from any uncertainty as to what would have resulted from the use of an execution if one had been issued. And it is founded upon the doctrine that a court of equity will not take cognizance of a controversy which can be determined at law, and not until the remedy there is exhausted. Such has quite uniformly been the rule of the

common law applicable to equitable jurisdictions. (*M'Der-mutt* v. *Strong*, 4 John. Ch. 687; *Hadden* v. *Spader*, 20 John. 554.) But this rule is not so unrelenting as to deny to a party the interposition of the equity powers of the court when the situation is such as to render impossible the aid of a court of law to there take the preliminary steps and produce what ordinarily may be treated as the condition precedent to the application for equitable relief. This seems to be the position of the plaintiff in its relation to the remedy which it seeks by this action. The plaintiff is a bank in the state of Connecticut, and Abner C. Wetmore, who also resided there, was indebted to it. He became insolvent and made an assignment for the benefit of his creditors to a person residing in that state. The plaintiff commenced actions there to recover judgments on such debts against Wetmore, who died while they were pending, and the assignee was appointed administrator of his estate. The plaintiff sought to revive and continue the actions against the administrator, and thereupon the latter, as permitted by the law of that state, filed a plea in abatement, alleging that the estate of Wetmore was an insolvent estate in the course of settlement in the Probate Court; and that the plaintiff's causes of action were not for debts due the United States, or the state of Connecticut, or for the expenses of his last sickness or funeral charges. The court in which those actions were pending found that the allegations in abatement were true, and directed that the actions abate and be dismissed. This was a denial, pursuant to the law of Connecticut, of any right of the plaintiff to continue or maintain any action there against the administrator; and the only determination he could have of the claim against the estate was through the action taken in that respect by the Probate Court, in which jurisdiction, exercised in the manner provided by statute, was exclusive. According to the prescribed practice, that court appointed commissioners in insolvency upon Wetmore's estate, to whom the plaintiff's claim was presented, and they, by their report, allowed it at the sum of $6,177.64. This determination of the commissioners became conclusive

and binding upon the trustee as effectually as if it had been a recovery by action against him in a court of law. (*Loomis* v. *Eaton*, 32 Conn. 550; *Bailey* v. *Bussing*, 37 id. 349; *First National Bank* v. *Hartford Life, etc., Ins. Co.*, 45 id. 22.) Nothing more remained for the plaintiff to do in that state. There was a small amount of preferred claims, while those unpreferred amounted to upwards of $28,000, and the assets were insufficient to pay the expenses of the settlement of the estate and the preferred claims. The trial court finding these facts, also found that the conveyance before mentioned was made by Wetmore after his indebtedness to the plaintiff accrued, and was made without consideration and with the intent to defraud his creditors; and that at the time of his death Wetmore had no title to any property real or personal in the state of New York. The case presented is one in which the plaintiff could recover upon his claim no judgment entitling him to have an execution issued and returned. It is not, therefore, a case within the contemplation of the statute relating to creditor's actions, and the support of the action is dependent upon the common-law powers of the court of equity. They not being taken away by the statute no reason appears why they are not available to give a party situated as the plaintiff is, a standing in court. (*Chautauqua County Bank* v. *White*, 6 N. Y. 236; *Scott* v. *M'Millen*, 1 Littel, 302; 13 Am. Dec. 239.) The subjects of fraud and trusts are peculiarly matters of equity jurisdiction, which is very comprehensive where the other tribunals cannot afford relief, and its want of it is not to be inferred from the novelty of questions presented. (*Hadden* v. *Spader*, 20 Johns. 564; *Lining* v. *Geddes*, 1 McCord's Ch. 304; 16 Am. Dec.; *McCalmont* v. *Lawrence*, 1 Blatch. 232.)

In *Adsit* v. *Butler*, the principle applicable to equitable suits to reach property disposed of in fraud of creditors, upon which the practice is founded, is recognized to be that the remedy at law must first be exhausted, and reference is made to *Bank* v. *Olcott* (46 N. Y. 18), where the rule is well stated. And it is upon that principle that such requirement in the

nature of a condition precedent must be observed before seeking relief in equity. But when a party has done all that is possible for him to do to prepare the way for his case to equitable cognizance, he is not to be denied access to the only tribunal capable of granting relief, merely because he had proceeded no further than he was, without any fault or *laches* on his part, permitted to go. That would be repugnant to the maxim that "there is no wrong without a remedy." And while that maxim is not absolutely true, it expresses a principle, and it is for that rather than precedent that courts will seek in considering whether any or what remedy may be had in the administration of justice.

And analagously applicable to the question under consideration is the doctrine announced in *Shellington* v. *Howland* (53 N. Y. 371); *Kincaid* v. *Dwinelle* (59 id. 548) to the effect that when the right to recover a judgment against a corporation and the issue and return of execution, which is a condition precedent to the liability of a stockholder under the statute (L. 1848, chap. 40, 89 N. Y. 334) is defeated without fault of the creditor, the condition precedent is dispensed with. In *Shellington* v. *Howland* is cited *Loomis* v. *Tifft* (16 Barb. 541), which may not be in harmony with the later cases, but the question as there decided was applicable in principle to that in the case in which it was cited. That principle is broad enough to embrace within it for the purpose of remedy, the variety of cases to which it may be applicable. The statute provides that an action may be brought by executors, administrators, assignees or other trustees to reach property transferred in fraud of creditors (L. 1858, ch. 314), yet if such officer or trustee refuses to do so, a creditor beneficially interested may bring the action, including in it as a party defendant, him so refusing. This is upon the principle of the maxim before mentioned. (*Harvey* v. *McDonnell*, 113 N. Y. 526.) And this rule prior to that statute was applicable to an action by a creditor of a deceased debtor represented by an executor or administrator. (*Bate* v. *Graham*, 11 N. Y. 237; *Hagan* v. *Walker*, 14 How. [U. S.] 29.) For the purpose of such an

action by a creditor no judgment or execution is preliminarily essential. (*Harvey* v. *McDonnell, supra.*)

The plaintiff's debt was as much the subject of adjudication as it could be made so in the state of Connecticut, and as effectually against the administrator as if rendered by a court of law. The denial to the plaintiff of equitable relief cannot, therefore, under the circumstances, rest upon the fact that he had no judgment in such court, execution thereon and its return unsatisfied.

The plaintiff had no remedy available through the Connecticut assignment or assignee, in respect to the subject-matter of this action. As a rule a statutory assignee or trustee in one state takes no title to the real estate of the assignor situated in another state. (*Osborn* v. *Adams*, 18 Pick 245; *Hutchinson* v. *Perkine*, 15 N. J. Ch. 167.) The rule may be otherwise in respect to personal property which in legal theory has no *situs* distinct from the domicil of its owner. It is, however, unnecessary to pursue the consideration of the nature of that assignment further than to say, that its effect is so far controlled by the statute of Connecticut, to the effect, that real estate not within that state was excepted from the operation of the assignment made as it was with a view to insolvency. It follows that the assignment would not have covered the land in question if, at the time it was made, the title had been in the assignor. And assuming that the conveyance to the defendant was fraudulent as against the creditors of the assignor, the defendant became a trustee *ex maleficio* for them in respect to the property; and the theory upon which relief is granted to creditors is that as between the debtor making the conveyance and his creditors the fraudulent grantee takes by it no title. (*Moncure* v. *Hanson*, 15 Penn. St. 385; *Chatauqua County Bank* v. *Risley*, 19 N. Y. 369.)

Since this property did not come within his trust it is unnecessary to inquire whether, if it had been otherwise he may, as the representative of the creditors, have come into the court of this state under the act of 1858, although he could not have been required to do so.

While the right of an assignee in this state to thus represent the creditors of his assignor and in their behalf seek such relief, is given by statute, it is a mere enlargement of his powers in respect to property only, which, but for the conveyance, would, unaided by the statute, come within his trust.

Inasmuch as this land could not, for any purpose, be treated as within the subject-matter of the trust created by the assignment amplified by the statute, there could be no support for remedy through the action of the Connecticut assignee in the courts of this state. This would be so if there were no limitation to that effect expressed in the statute. But it does, by its terms, thus confine the action of an assignee for such relief to the subject of the trust within the assignment, as such trust is broadened in its effect and in the power of its execution, but not extended beyond the limits of the assignment by the statute. (L. 1858, ch. 314.)

There is a further question having relation to the character and extent of the relief which could be granted in this action. The plaintiff, having no lien upon the property, could not, after the death of Wetmore, obtain any preference over the other creditors of the deceased, and the action can be effectual only as one for the benefit of the plaintiff and such other creditors. The complaint proceeds solely in behalf of the plaintiff, and demands relief for its benefit alone. Assuming that this was a defective pleading in its statement of the purpose of the action and relief, it was not a failure to state facts sufficient to constitute a cause of action, and the defect was available to the defendant only by demurrer or answer. (Code, §§ 488, 499.) This was not done, and for that reason the question was not presented to the court for consideration. (*Loomis* v. *Tift*, 16 Barb. 541.)

As the defendant answered the complaint, judgment to be directed is not controlled by the relief demanded. (Code, § 1207.) And although the action appears to have been prosecuted for the benefit of the plaintiff alone, the court may direct such judgment as, upon the facts, should be rendered in behalf of the plaintiff and other creditors. (*Thompson* v.

*Brown*, 4 John. Ch. 619, 643 ; *Benson* v. *LeRoy*, Id. 651.)
This can be done (in the event of recovery by the plaintiff)
by means of an interlocutory judgment, by which, in the
manner directed, creditors may have the opportunity of pre-
senting their claims with a view to the distribution of the pro-
ceeds of the property.

The final judgment was, therefore, improperly directed by
the trial court for the plaintiff in his behalf only, and was
properly reversed by the court below, but the direction there
of final judgment for the defendant was error.

The judgment of the General Term should be reversed so
far as it was for the defendant, and modified by granting a
new trial, costs to abide the event.

FOLLETT, Ch. J. (dissenting). A transfer of real or personal
property which is fraudulent as to creditors, nevertheless
divests the transferer of his title to the subject of the transfer,
and he can never recover it by action, nor thereafter vest by
contract or by will a third person with any right to or interest
in it ; and upon his death no title or right of action in respect
to it passes from him to his heirs or next of kin, nor does his
administrator acquire any title to the property or right to
recover it by virtue of any succession in interest. The fraudu-
lent transferee holds the legal title as a trustee *ex maleficio*
for the benefit of defrauded creditors, and they only, or some
person representing them, can reach the property and subject
it to the payment of the debts of the fraudulent transferer.
When an insolvent of this state makes a voluntary or fraudu-
lent conveyance of land, and thereafter makes within this
state a general assignment for the benefit of creditors to an
assignee within this state, the latter acquires no right to avoid
the previous voluntary or fraudulent conveyance by virtue of
any title, interest or right of action derived through the
assignment from the assignor, but his right to maintain an
action to set aside the previous fraudulent transfer is conferred
solely by chapter 314 of the Laws of 1858. (*Southard* v.
*Benner*, 72 N. Y. 424.) From the passage of this act, and

until its amendment by chapter 487 of the Laws of 1889, the right to subject property fraudulently transferred to the payment of debts was, in case the transferer had made a general assignment, in his assignee; and in case he had died it was in his personal representative. (*Spring* v. *Short*, 90 N. Y. 538; *Childs* v. *Kendall*, 30 Hun, 227; aff'd 101 N. Y. 625; *Lichtenberg* v. *Herdtfelder*, 103 id. 302; *Harvey* v. *McDonnell*, 113 id. 526; *Lore* v. *Dierkes*, 19 J. & S. 144; *S. C.* 16 Abb. [N. C.] 47; *Swift* v. *Hart*, 35 Hun, 128.)

It is insisted in behalf of the plaintiff that this Connecticut assignee did not acquire a right under the statute to set aside the conveyances and recover the avails of the land, because it is urged that the Connecticut assignment could not transfer to the assignee the title to land in this state. It has been shown, we think, that an assignee does not acquire his cause of action by virtue of the assignment, and the statute does not vest him with title to the property fraudulently conveyed, but with a chose in action, or with a right by an action to subject it through a judicial sale to the payment of the defrauded creditors. The statute does not limit the right of action to an assignee under an assignment executed in this state, nor to an assignee residing within this state, and it was not the intent of the legislature to create a remedy for fraudulent conveyances by its citizens, and not a remedy for like practices by citizens of other states. The right of foreign assignees for the benefit of creditors to prosecute actions in this state has been frequently recognized by our courts. (*Slatter* v. *Carroll*, 2 Sandf. Ch. 573; *Ackerman* v. *Cross*, 40 Barb. 465; *Matter of Accounting of Waite*, 99 N. Y. 433; *Phelps* v. *Borland*, 103 id. 409.) The assignee of Abner C. Wetmore acquired the right under the statute to set aside the conveyance, and the plaintiff has neither alleged nor proved facts authorizing him to bring this action. It is not alleged that the assignee has been requested or has refused to bring an action; he is not made a party defendant, and this action is not brought to recover in the right of the assignee for the benefit of all of the defrauded creditors, and it cannot be maintained. (*Harvey*

v. *McDonnell, supra.*) It is not now material to determine whether, under the laws of Connecticut, the administrator has succeeded to the rights of the assignee.

The judgment should be affirmed, with costs.

All concur with Bradley, J., except Follett, Ch. J.. dissenting, and Potter, J., not voting.

Judgment modified so as to grant a new trial