JACOB HIRSHFELD, Suing on His Own Behalf and on Behalf of all Other Creditors of the Madison Square Bank, Appellant, *v.* FREDERICK A. KURSHEEDT and Another, Respondents, Impleaded with Others.

*Banking corporation — complaint in an action to charge its stockholders — chapters 688 and 689 of the Laws of* 1892.

The provisions of the Stock Corporation Law (Chap. 688 of the Laws of 1892) embrace a banking corporation, and are applicable thereto, and where a liability is created against the stockholders of a bank by the provisions of the Banking Law (Chap. 689 of the Laws of 1892), the provisions of the Stock Corporation Law, limiting such liability, must be considered. Section 55 of the Stock Corporation Law must be construed in connection with section 52 of the Banking Law.

Chapter 689 of the Laws of 1892 is a special law, applicable to banks and creating a liability in respect to the stockholders thereof, while chapter 688 of the Laws of 1892 is a general law, applicable not only to banks, but also to other classes of corporations in most respects dissimilar to banks.

In construing a general law applicable to different and dissimilar corporations, it is proper that such a construction should not be given to it as will render it unreasonable or meaningless.

Where the liability of a defendant is to be predicated upon the compliance by the plaintiff with certain conditions, the complaint must allege either such compliance or such facts as show that compliance was impossible.

If the complaint in an action brought to charge the stockholders of a bank with personal liability for its debts, under the provisions of section 52 of chapter 689

of the Laws of 1892, does not allege that a judgment has been recovered against the bank by the plaintiff, it must at least aver, if the bank has gone into the hands of a receiver, that the bank is indebted to the plaintiff, and that such indebtedness has been allowed by the receiver of the bank, and the facts in connection with the indebtedness should be made to appear in such a way that the court may determine whether it was contracted subsequent to the enactment of the statute under which the action is brought

If the indebtedness grew out of a deposit made by the plaintiff in such bank, in order to hold a stockholder the complaint should not only state that the plaintiff made a deposit of money during the time that the person whom he seeks to hold liable was a stockholder, but also that he made such deposit without any condition or limitation, and in such form as to entitle him to demand his money at any time.

Prior to the passage of chapter 689 of the Laws of 1892 the liability of a stockholder of a bank was fixed by article 8 of section 7 of the Constitution, which confined the liability to stockholders of banks issuing notes or paper credits to circulate as money, but by the enactment of such statute the liability of the stockholders of banks is enlarged so that it is no longer necessary to show, in an action brought to charge the stockholders of a bank with personal liability for its debts, that the bank is engaged in issuing bank notes, unless the recovery is sought for a debt contracted prior to 1892.

APPEAL by the plaintiff, Jacob Hirshfeld, from an interlocutory judgment of the Supreme Court in favor of the defendants, Frederick A. Kursheedt and another, entered in the office of the clerk of the county of New York on the 3d day of August, 1894, upon the decision of the court rendered after a trial at the New York Special Term sustaining their demurrer to the complaint and granting leave to the plaintiff to serve an amended complaint upon the payment of costs.

*Louis Marshall*, for the appellant.

*Joseph Fettretch*, for the respondents.

O'BRIEN, J.:

The material allegations of the complaint are as follows:

1. That the Madison Square Bank is a domestic corporation, organized and doing business under the laws of this State relative to banks.

2. That an action was commenced in this court on the 10th day of August, 1893, by the People of the State of New York against the Madison Square Bank for its dissolution on the ground of insolvency, etc.

3. That on November 24, 1893, a final judgment was entered in the office of the clerk of New York county dissolving such corporation, forfeiting its franchises and providing for the distribution of its assets among its creditors, forever restraining it from exercising its corporate franchises, etc., and restraining its several creditors from instituting any action against it.

4. That defendants O'Brien and Cannon, in and by said judgment, were duly appointed permanent receivers of such bank, and have qualified.

5. That the capital stock of the bank is $500,000, and that it was, at the time of the commencement of this action and the rendition of the decree of dissolution, held and owned by the defendants in the amounts stated.

6. That prior to the commencement of said (People's) action the plaintiff herein had duly deposited with said bank moneys belonging to him to the amount of $5,334.41, for which said bank was, on that day, indebted to him; that a portion of this amount has been paid, and that there is now due plaintiff $4,024.56, with interest from August 10, 1893.

7. That said bank is also indebted to divers other creditors to an amount exceeding $1,000,000; that the assets of said bank which have come into receivers' hands are inadequate to pay in full said bank's liabilities; and that, after the application of said assets to the payment of such liabilities, there will remain a deficiency upon the aggregate claims of such creditors exceeding the sum of $500,000.

The defendants Kursheedt demur upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and from the decision and judgment thereon sustaining the demurrer, this appeal is taken.

The statute under which the action is brought is section 52 of "The Banking Law" of 1892, and is as follows: "Except as prescribed in the Stock Corporation Law, the stockholders of every such corporation shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

The Stock Corporation Law of 1892 (§ 55) reads as follows:

" No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation and an execution thereon has been returned 'unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due, and no action shall be brought against a stockholder after he shall have ceased to be a stockholder for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

It will be noticed that the Banking Law (§ 52) expressly refers to the Stock Corporation Law, and the latter, in its classification as to what is to be considered as a stock corporation within the meaning of that law, in addition to a transportation and a business corporation, also includes a moneyed corporation, which latter again is defined by section 3 of the law as one " formed under or subject to the Banking or Insurance Law." . It is clear, therefore, that the provisions of the Stock Corporation Law embrace a banking corporation and are applicable thereto, and where a liability is created against the stockholders by the Banking Law, the provisions of the Stock Corporation Law limiting such liability must be considered. Our conclusion upon this branch of the case is, that the learned judge below was correct in holding that section 55 of the Stock Corporation Law was to be construed in connection with section 52 of the Banking Act.

It must be remembered that the latter is a special law applicable to banks and creating a liability with respect to the stockholders thereof, while the Stock Corporation Law is a general law, applicable not only to banks, but to other classes of corporations in most respects dissimilar to a bank. In construing a general law applicable to different and dissimilar corporations, it is proper that such a construction should not be given to it as would render it unreasonable or meaningless. There is, therefore, much force in the contention that if all the provisions of section 55 of the Stock Corporation Law are to be literally consolidated with section 52 of

the Banking Law, it would be impracticable to pursue a stockholder of a banking corporation, and the liability created in favor of creditors would be taken away; because such liability, so far as the stockholders of a bank are concerned, never would arise until the insolvency of the bank, which when it occurs is followed by the placing of a temporary receiver in possession of the property, whose position is usually fortified by an injunction restraining any action on the part of creditors; and by express provision of law (Code Civ. Proc. § 1806) such a restraining order is part of the judgment of dissolution, which it is provided shall have the same effect " as if each creditor upon whom it is served was named therein and was a party to the action in which it is granted." There are cases which are seeming authority for the proposition that where the performance of conditions precedent is rendered impossible by the act of the law then such performance is excused and dispensed with. (*Shellington* v. *Howland,* 53 N. Y. 371, 375; *Kincaid* v. *Dwinelle,* 59 id. 548; *Flash* v. *Conn,* 109 U. S. 71; *Hardman* v. *Sage,* 124 N. Y. 25, 31; *Nat. Tradesman's Bank* v. *Wetmore,* 124 id. 241.)

Whether allegations showing that the plaintiff could not obtain or was prevented from obtaining a judgment and the issuance of an execution against the bank would be sufficient, is a question that we are not called upon now to decide, and which is reserved until it is directly presented, it being sufficient, so far as this appeal is concerned, to point out that this complaint nowhere alleges facts showing that the defendants or others have rendered the requirements of the statute impossible of performance. This we agree must appear, for where a liability is to be predicated upon the compliance by the plaintiff with certain conditions, the complaint must allege either such compliance or such facts as would show that compliance was impossible.

There is a statement that by the final judgment creditors were restrained from instituting any action against the bank; but as this final judgment was not entered until some months subsequent to the commencement of the People's suit, there was a period during which, so far as it now appears, an action could have been instituted. If, therefore, from the commencement of the People's suit, the corporation had been enjoined from the

exercise of its corporate powers, and the temporary receivers of its property had been appointed at the same time, and creditors enjoined from proceeding against it, these facts should appear, or some reason should be given for plaintiff's failure to proceed and comply with the conditions entitling him to maintain his action. In addition to this objection, we think that where no judgment is alleged, it should at least be shown that there is an indebtedness which upon presentation to the corporation or its receivers has been allowed, and the facts in connection with such indebtedness should be made to appear in such a way that the court can determine whether or not it was contracted subsequent to the passage of the act of 1892. The statements that the bank was indebted to the plaintiff, and that plaintiff had duly deposited, are conclusions. These may be true, and still plaintiff have no action.

As against a stockholder, allegations of the time when the debt was contracted and when it became due are important, for a stockholder is not liable " for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due." And again, to hold a stockholder, the plaintiff should state, not only that he made a deposit of money during the time that the person whom he seeks to hold liable was a stockholder, but that he made such deposit without any condition or limitation, and in such form as to entitle him to demand his money at any time ; because, for aught that appears, the deposit may have been a special one payable on demand, or in years, or for some special purpose, or conditionally, and thus be an obligation of the corporation for which the stockholder may not be liable. Whether the debt was one contracted before or after the present law of 1892 is important, because a stockholder's liability prior thereto was fixed by article 8, section 7, of the Constitution, which confined the liability to stockholders of banks issuing notes or paper credits to circulate as money. By the act of 1892 the liability was enlarged, so that it is no longer necessary to show that the bank was engaged in issuing bank notes, but this should appear if recovery is sought for a debt contracted prior to 1892.

Apart, therefore, from the main question, which has been reserved, we think the other objections to the complaint, some of which we

have pointed out, were sufficient to justify the conclusion reached by the learned judge at Special Term in sustaining the demurrer, and that the judgment appealed from should be sustained, with costs, but with leave upon payment thereof to amend.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs, but with leave upon payment thereof to amend.