EDMUND C. WHITNEY and AUGUST BECK, as Sheriff of Erie County, Appellants, *v.* JOSEPH DAVIS and Others, Respondents.

*Action against a non-resident — levy under an attachment necessary — creditor's bill — prerequisite of a complaint under subd. 2 of section 655 of the Code of Civil Procedure — scope of the equity powers of the court.*

In an action brought against a non-resident for the recovery of a sum of money only, where the defendant is served with the summons without the State, no judgment can be entered against him until an attachment issued in the action has been levied upon his property.

Ordinarily, an action in the nature of a creditor's bill cannot be maintained until after entry of judgment and the return unsatisfied of an execution issued thereon.

The complaint in an action instituted under the provisions of subdivision 2 of section 655 of the Code of Civil Procedure, in aid of an attachment, must allege not only that the defendant has not appeared in the action, but also that he has made default therein.

*Semble*, that the provisions of the Code of Civil Procedure, in reference to attaching creditors' actions and creditors' bills, do not extend so far as to deny to a creditor the interposition of the equity powers of the court, where the situation is such as to render it impossible for him to obtain relief under those provisions, but such equitable powers will not be extended to cases where parties may by compliance with the provisions of the Code obtain full relief and protection.

APPEAL by the plaintiffs, Edmund C. Whitney and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 20th day of November, 1894, denying their motion for a new trial upon the ground of surprise and newly-discovered evidence.

*Norris Morey*, for the appellants.

*Ansley Wilcox*, for the respondents.

Present — Dwight, P. J., Lewis, Bradley and Ward, JJ.

Order affirmed, with ten dollars costs and disbursements, on opinion of Haight, J., at Special Term.

The opinion of Haight, J., at Special Term was as follows:

Haight, J.:

The evidence in this case shows that the action was brought in aid of an attachment issued in another action, and that the defendants were not in default in that action when this action was commenced. The same question is presented in the case of *The First National Bank of Salem and Another* v. *Joseph Davis et al.*, in which case I have reached the conclusion that the action is not maintainable until such default. See my opinion filed in that case.* If the conclusion

---

*SUPREME COURT.

The First National Bank of Salem } and August Beck, as Sheriff of Erie } Erie Special Term, September, 1894.
County, *v.* Joseph Davis et al. }

DEMURRER to plaintiff's complaint by the defendants Joseph Edwin Davis and Edmonia B. Martin.

Haight, J.:

The complaint, among other things, alleges that the plaintiff, the First National Bank of Salem, began an action against the defendant Joseph Davis, a non-resident of this State, by the personal service of a summons and complaint upon him

FIFTH DEPARTMENT, JUNE TERM, 1895.            [Vol. 88.

I have reached in that case is sound, it follows that this action must fail for the reason that it was prematurely brought. I think, therefore, that the motion must be denied. The order to be entered, however, should provide that the motion was disposed of on this

without the State on the 14th day of September, 1893, pursuant to chapter 5 of the Code of Civil Procedure, to recover a balance of $10,811.49 upon three promissory notes. The complaint further alleges that the defendant Joseph Davis has not appeared in said action, and that final judgment has not been entered therein; that in that action an attachment has been duly issued to the sheriff of Erie county in this State directing him to attach the property of Joseph Davis; that the defendant Joseph Davis was on the 15th day of May, 1891, seized as owner in fee of an undivided two-thirds of a parcel of land situate in the city of Buffalo, county of Erie (particularly describing the same), and that on that day the defendant Davis executed and delivered a deed of conveyance thereof to the defendant Miles M. Martin, of the State of Virginia, and that the consideration named in such deed was the sum of $50,000. The complaint contains other allegations to the effect that this conveyance was made in fraud of the rights of creditors and is void, and as relief demands judgment that such conveyance be adjudged fraudulent and void as against the attachment issued in the action brought by the plaintiff, the First National Bank of Salem, against Davis, and that the premises be subjected to the levy of the plaintiff's attachment, etc.

This action, as commonly understood, is in aid of such attachment. The demurrers interposed are upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and the particular defect relied upon, as pointed out upon the trial, is that the complaint fails to allege that the defendant Davis had made default in the action brought against him upon the notes, and in which action the attachment was issued.

The second subdivision of section 655 of the Code of Civil Procedure provides as follows: "Where the summons was served without the State, or by publication pursuant to an order obtained for that purpose, as prescribed in chapter fifth of this act, and where the defendant has not appeared in the action (otherwise than specially), *but has made default,* and before entering final judgment, the sheriff may, in aid of said attachment, * * * maintain any * * * * action against the attachment debtor and any other person or persons * * * which may now be maintained by a judgment creditor in a court of equity either before the return of an execution in aid thereof or after the return of an execution unsatisfied."

There are other provisions to the effect that the judgment in such an action shall provide and direct that the property shall be applied to the satisfaction of any judgment which may be obtained in the attachment action (§ 655, subd. 2), and that in such action the plaintiff, by leave of the court or a judge thereof, may bring and maintain the action in the name of himself and the sheriff jointly by his own attorney, and at his own expense. (Code Civ. Proc. §§ 677, 678.)

It will be observed that the complaint herein alleges that the summons in the action in which the attachment was issued was served without the State, pursu-

ground and without a consideration of the merits, so that in case it should be held that my views are unsound upon this question the case may be again remitted to the Special Term for a determination of the motion upon the merits.

ant to an order obtained for that purpose; that the defendant has not appeared in the action, and that judgment has not been entered therein; but it does not allege that the defendant has made default therein. The defendant Davis being a non-resident, and the service of the summons upon him having been made without the State, and the action being for a sum of money only, no judgment could be entered against him until an attachment issued in the action had been levied upon his property. (Code Civ. Proc. §§ 1216, 1217.) It was for the purpose of making the levy of such attachment good that this action was brought. At what time may it be maintained? This question has been much discussed in the courts. Ordinarily, an action in the nature of a creditor's bill can be maintained only after the entry of judgment and the return unsatisfied of an execution issued thereon. (Code, § 1871.) But cases have arisen in which it was impossible for parties to comply with this provision, in which it has been found necessary, in order to protect the rights of creditors, for the court to interfere through its equity powers. It consequently has been held that an attachment creditor, after recovery of judgment and the issuing of execution, may maintain an equitable action in his own name to set aside a fraudulent transfer of the property which had been seized under the attachment (*Mechanics & Traders' Bank* v. *Dakin*, 51 N. Y. 519), and, on the other hand, that the attaching creditor had no standing in court to reach equitable assets until his remedy at law was exhausted, nor to attack a fraudulent transfer of the property of his debtor until after judgment. (*Thurber* v. *Blanck*, 50 N. Y. 80.) Again, a creditor by attaching property in the possession of his debtor acquires a specific lien upon his interest and is entitled, like a judgment creditor, to impeach the title of a fraudulent mortgagee. (*Frost* v. *Mott*, 34 N. Y. 253.)

After the court had thus given expression upon the subject, the attention of the Legislature was again called thereto, and in 1889 (Chap. 504) the second subdivision of section 655 of the Code above quoted was enacted. To my mind it was the legislative intention to bring the practice as nearly in harmony with that provided in judgment creditors' actions as was possible and still preserve the rights and remedies of attaching creditors.

The plaintiff, the First National Bank of Salem, could not enter judgment against the defendant Davis until it could show a levy of the attachment issued in its action upon property belonging to Davis. This it was unable to do, for the reason that the property of Davis being real had been conveyed to another person. It can make such attachment good only by procuring a judgment in this court declaring such conveyance or transfer to have been made in fraud of its rights. But, as we have seen, ordinarily, such an action could be maintained only after the creditor had established the amount of his claim by a judgment and exhausted the remedies given him at law by the issue and return of an execution unsatisfied, but this could not be done if the plaintiff is given no power to enter judgment; and, to my mind, it was to relieve creditors similarly situated that the provision in question

The motion for a new trial upon the ground of newly-discovered evidence is denied, with ten dollars costs, for the reason that the action appears to have been prematurely brought, and without a consideration of the motion upon the merits.

was enacted. It gives him the right to now maintain an action where the defendant has not appeared in the action, but has made default whereby the rights of the plaintiff have become fixed and the amount of his claim established. My attention has been called to the case of *The People ex rel. Cauffman* v. *Van Buren* (136 N. Y. 252) which it is claimed sustains the plaintiffs' contention. It is sufficient to say in reference to that case that the attention of the court does not appear to have been called to the provisions of the Code under consideration, and the judge delivering the prevailing opinion of the court expressly states therein that "the mere existence of a fraudulent transfer would not be sufficient to authorize a court of equity to entertain an action at the suit of an attaching creditor to set it aside."

I do not understand that the allegations of the complaint call for the exercise of any of the equitable powers of the court independent of the provisions of the Code. It may be that the provisions in reference to attaching creditors' actions and creditors' bills do not extend so far as to deny to a creditor the interposition of the equity powers of the court where the situation is such as to render it impossible for him to obtain relief under those provisions. (*The National Tradesmen's Bank* v. *Wetmore*, 124 N. Y. 241; *People ex rel. Cauffman* v. *Van Buren*, 136 id. 252–260.) But this power will not be extended to cases where parties may comply with the provisions of the Code and by so doing obtain full relief and protection. In this case the alleged fraudulent transfer was of real estate, and it is not alleged nor is it apparent that the plaintiff will suffer any harm from waiting until the defendant has appeared in the original action or has made default. By so waiting the parties may avoid the expense and trouble of trying the action in aid of the attachment and of carrying it up through the courts of the State and then possibly upon a trial of the original action in which the attachment was issued find that the plaintiff had no cause of action.

The demurrers should be sustained, with leave to the plaintiffs to amend their complaint within twenty days upon payment of the costs of the demurrers.