## CLINTON v. SOUTH SHORE NATURAL GAS & FUEL CO.

(Supreme Court, Trial Term, Erie County.    November 28, 1908.)

1. JUDGMENT (§ 800*)—LIEN—APPEAL—REVERSAL.
   Where a judgment for plaintiff was reversed on appeal, it thereupon ceases to be a lien on defendant's property, under Code Civ. Proc. § 1321, providing for the cancellation of judgments; plaintiff's right thereafter constituting a mere claim, which on retrial might again ripen into a judgment.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1424; Dec. Dig. § 800.*]

2. JUDGMENT (§ 762*)—LIEN—JUDGMENT FOR COSTS.
   Under Code Civ. Proc. §§ 779, 1251, providing for the collection of awards for costs out of personal property of the person against whom they are granted, such awards are not "judgments," and constitute no liens against the debtor's real estate.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1316; Dec. Dig § 762.*
   For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

3. MORTGAGES (§ 436*)—FORECLOSURE—PARTIES—INTERVENTION—INTEREST.
   An alleged creditor of a corporation, having no lien on or interest in the corporation's property covered by a trust mortgage, is not entitled to intervene and defend a foreclosure suit, under Code Civ. Proc. § 452, providing that if a person not a party has an interest in the subject of the action, or in real property the title to which may be affected by the judgment, etc., the court shall direct such party to be brought in by proper amendment.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1289; Dec. Dig. § 436.*]

4. CREDITORS' SUIT (§ 7*)—RIGHT OF ACTION—FRAUD.
   Where a corporation, anticipating a heavy judgment for personal injuries, procures a mortgage of its assets to be foreclosed in order to defeat any judgment in favor of the person injured, the latter, on obtaining a judgment and the return of an execution unsatisfied, may maintain a creditors' suit for relief.
   [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. § 3; Dec. Dig. § 7.*]

5. CREDITORS' SUIT (§ 16*)—REQUISITES—JUDGMENT AND EXECUTION.
   A creditors' bill cannot be maintained until a judgment has been recovered and an execution issued and return unsatisfied, though it be made to appear that no benefit can result therefrom, as expressly provided by Code Civ. Proc. § 1871.
   [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 73–87; Dec. Dig. § 16.*]

Action by George Clinton, as trustee for bondholders of the South Shore Natural Gas & Fuel Company, against the South Shore Natural Gas & Fuel Company.    Motion by Johanna Kenney for leave to intervene and defend.    Denied.

Thomas Hefferman, for the motion.

George Clinton, George Clinton, Jr., and George B. Barrell, opposed.

WHEELER, J.    This action was brought to foreclose a trust mortgage given by defendant to secure an issue of bonds.    The action has

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceeded to a judgment of foreclosure and sale, and the referee appointed for that purpose is now advertising the mortgaged property for sale under the foreclosure decree. A motion is now made on behalf of Johanna Kenney to open the judgment, and for permission to intervene and defend the action.

It is claimed by the moving party, and the affidavits tend to establish the fact, that the holders of the bonds secured by the trust mortgage are also the principal stockholders of the company and control it; that they are also members of its board of directors, and its chief executive officers. Miss Kenney; the moving party, some time in 1905 received most serious personal injuries by an explosion of natural gas, which it is claimed was caused by the negligence of the defendant's servants. She sued the defendant to recover damages for her injuries. Her action was brought to trial at the Chautauqua trial term of this court in May, 1907. It resulted in a verdict and judgment in her favor for $20,000 damages, beside the costs of the action. The gas company appealed to the Appellate Division of this court from said judgment. The appeal resulted in a reversal of said judgment and an order for a new trial. The order reversing said judgment was duly entered in the office of the clerk of Chautauqua county, on the 10th day of September, 1908, and opposite the docketing of the original judgment in favor of Miss Kenney was made a minute by the clerk as follows:

"Judgment vacated, set aside, and reversed. See judgment file, September 10, 1908."

No appeal having been taken by Miss Kenney to the Court of Appeals from said judgment of reversal, the judgment in her favor against the defendant ceased to be a lien on the defendant's property, and cannot be restored, and so far as Miss Kenney is now concerned she has no lien upon or against any property of the defendant. She simply has a claim for damages against the defendant for alleged negligence on its part, which, upon a retrial of her action, may again ripen into a judgment. See Code Civ. Proc. § 1321.

In this connection, however, it will be well to note that, after the reversal of the judgment in question by the Appellate Division, Miss Kenney made a motion at Special Term for leave to amend her complaint, increasing the demand for judgment to $50,000. This was granted, and an appeal from that order taken by the defendant to the Appellate Division, which affirmed the order appealed from, with $10 costs of said appeal, and disbursements. Again, in October, 1908, the defendant moved to put the trial of the case over the October term, which the court granted on payment of $10 term fee. Neither of these items of costs appear to have been paid. They, however, are not judgments against the defendant, and are not liens on the defendant's property. Code Civ. Proc. §§ 779, 1251. These items of costs may be collected by execution out of the personal property of the party against whom they are awarded, but constitute no lien and are not judgments. Therefore it appears that Miss. Kenney, the moving party, at present is without judgment, or a lien of any kind against the defendant's property. She has claims in litigation, which may, upon a retrial of

her cause, result in a judgment, and a considerable judgment, against the defendant.

Anticipating such a possible outcome, either for the purpose of more effectually securing the payment of the bonded indebtedness, or for the purpose of defeating Miss Kenney in the collection of her claims out of the property of the defendant in the event of the successful outcome of the approaching trial of her action, or for both reasons combined, the bondholders, who are officers of the defendant, caused the foreclosure of the trust mortgage to be begun and prosecuted. They seek an early sale of the mortgaged property. The moving party now comes into court with affidavits tending to show the facts above stated, charging the defendant, its officers, stockholders, and bondholders, with a concerted scheme to defeat and render worthless any judgment the moving party may recover, and shows that no bonds secured by the mortgage were ever in fact issued until after the foreclosure of the trust mortgage had been begun. The affidavits and proof on the part of the mortgage trustee, however, show, or tend to show, that, although the bonds were not in fact issued until after the foreclosure was commenced, the trust mortgage was given some years ago for the express purpose of securing Carroll Bros. for advances made and to be made by them to the defendant, for which advances bonds of the company were agreed to be issued and delivered, and that Carroll Bros., for more than a year prior to the commencement of the foreclosure action, had been and were entitled to said bonds, and that, when issued, they were issued in pursuance of such an agreement and a right to such bonds to the extent of $155,000; and the counsel for the mortgage trustee argues that equity will deem as done what should have been done, and that without the issue of any bonds whatever Carroll Bros. in equity still would have a right to insist on a foreclosure of the trust mortgage for their benefit—citing as authorities Pomeroy, Equity Jurisprudence (3d Ed.) § 364 et seq.; Goodhue v. Berrien, 2 Sandf. Ch. 630, 633.

Counsel for Miss Kenney challenges that position, and asks leave to intervene and defend the foreclosure action on these grounds, and perhaps on other grounds suggested on the argument. No proposed answer to the foreclosure complaint is served with the motion papers, and it is very doubtful whether a party should be given the right to intervene and answer, in the absence of a proposed answer setting forth and defining the issue to be tendered, so that the court may judge whether the issue tendered has merit or not. It is not necessary, however, in our judgment, to determine that question, because of the more serious objection raised to the granting of the relief asked, namely, that Miss Kenney has no such interest in the subject-matter as to entitle her to be made a party to the foreclosure action.

The moving party relies on the provisions of section 452 of the Code of Civil Procedure, which reads:

"The court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court may direct them to be brought in. And where a person, not a party to the action, has an interest in the sub-

ject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

If this section can be construed to give Miss Kenney the right to come in and defend the action in her own interest, when she has no judgment and no lien on the property covered by the trust mortgage, then it would seem to follow that any person asserting claims against another might demand the right to defend an action at law or in equity against such another, simply for the reason that a recovery in such action would lessen or destroy his chances of ultimately realizing on his own claims in the event of his success. Such was not the purpose or intent of the framers of the section of the Code above quoted. The section in question contemplates a case where a person has an immediate and present interest in the subject of the action, which, in this case, is the mortgaged property. It was not intended to confer the right to be made a party upon one who may in the future acquire some lien by judgment or execution in the event of a successful outcome of a lawsuit. Such contingencies are altogether too remote and uncertain to be held to confer a present legal or equitable interest in mortgaged property. Particularly is this true where the liability of the defendant to the moving party is contested. The moving party is not a necessary or proper party in an action to foreclose a mortgage. Emigrant Industrial Sav. Bk. v. Goldman, 75 N. Y. 127–131; Fifth Ave. Bank v. Cudlipp, 1 App. Div. 524, 37 N. Y. 248.

While the moving party has tendered no proposed answer, and the court can only gather some features of the proposed defense from intimations made by counsel upon the argument of this motion, nevertheless it becomes apparent that the main claim of the moving party is that the plaintiff had no right to maintain this action, at least at this time, and under the particular conditions of this case, no bonds having in fact been issued until after the commencement of the foreclosure, and that the foreclosure and the steps taken in that action were instituted and prosecuted for the express purpose of acquiring the property and franchises of the gas company in fraud of Miss Kenney's rights and in anticipation of a recovery by her. In other words, the substance of the claim is that the gas company, its officers, and agents are engaged in a scheme to obtain a fraudulent conveyance of the defendant's property through the instrumentality of legal proceedings. If that claim can be sustained, then the moving party, after the recovery of a judgment in her behalf and the return of an execution unsatisfied, can maintain a judgment creditor's action for relief.

It is, however, a general principle of law and equity that a creditor's bill cannot be maintained until a judgment has been recovered and an execution has been issued and returned unsatisfied. N. T. Bank v. Wetmore, 124 N. Y. 248, 26 N. E. 548; Code Civ. Proc. § 1871. And it has become the settled rule in this state not to dispense with these preliminaries, although it may be made to appear by evidence that no benefit could result to creditors from them. N. T. Bank v. Wetmore, 124 N. Y. 248, 26 N. E. 548; Estes v. Wilcox, 67 N. Y. 264;

Adsit v. Butler, 87 N. Y. 586. To open the door now, and permit the moving party to come in and defend the foreclosure, would be anticipating rights which she would have in a judgment creditor's action, and to entitle her to intervene she must bring herself within the provisions of section 452 of the Code, which we think she has not done.

It appears from the affidavits read on this motion that, although the defendant has paid no dividends since its organization, nevertheless it has received from its operations, outside of money loaned, $209,868.82 since its organization in February, 1904, and that its operating expenses during the said period were about $73,172.03, leaving a balance of $136,696.79, net income, which sum, together with the $155,000 borrowed money represented by the mortgage bonds, was expended by the company in betterments. Of this amount $106,622.07 was expended for drilling wells, $169,473.91 for extending pipe lines, and $20,168.10 for meters. It is manifest, therefore, that the business is apparently a prosperous one, and one which promises a handsome return on the investment, and there appears to have been no real necessity for a foreclosure at this time, unless it is for the purpose of anticipating a judgment by the moving party herein and an effort to avoid its payment.

For these reasons the court would be disposed to permit the moving party to intervene and defend, were it not that to do so would be against what we believe to be well-recognized principles of law, and would be creating a precedent most unwise and unauthorized.

For these reasons we are constrained to deny the motion to intervene at this time, but without costs. So ordered.